UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACK WILLIAMS and CARI WILLIAMS,

      Plaintiffs,

   v.

ALLSTATE INSURANCE COMPANY, and DOES 1 through 25,

      Defendants.

No. 2:09-cv-01023-MCE-DAD

**ORDER**

----oo0oo----

    Through the present action, Plaintiffs allege that their residential insurer, Defendant Allstate Insurance Company ("Allstate") breached its contractual obligation to provide indemnification following a windstorm loss that occurred on or about January 4, 2008.  Presently before the Court is Plaintiffs' Ex Parte Application to Shorten Time on a Motion requesting modification of the Court's Pretrial Scheduling Order.

    By Order filed June 2, 2010, the Court previously extended the date for completion of non-expert discovery from May 14, 2010 until July 14, 2010.

1

1  The following day, Plaintiff propounded special interrogatories
2  and a request for production of documents.  Responses were mailed
3  on July 1, 2010, and according to Plaintiffs' counsel, George
4  Murphy, he notified Defendant of the alleged deficiencies in
5  those responses on July 9, 2010.  Thereafter, on July 12, 2010,
6  Plaintiffs filed a Motion to Compel and set the matter for
7  hearing before the assigned Magistrate Judge on August 13, 2010.
8  The Magistrate Judge thereafter denied the motion, without
9  prejudice, on grounds that it could not be adjudicated before the
10 applicable discovery deadline of July 14, 2010.  Plaintiffs now
11 seek relief from this Court in order to allow the Motion to
12 Compel to be heard given the time constraints associated with the
13 existing July 14 deadline.
14     Defendant opposes both the order shortening time and the
15 motion itself on grounds that Plaintiffs have failed to
16 demonstrate good cause for the "last minute service" of the
17 additional written discovery requests.  Defense counsel also
18 asks, however, that if any modification is permitted that all
19 dates currently in place be vacated.
20     Plaintiffs' counsel was always clear, in requesting an
21 extension of the discovery deadline in the first place, that he
22 wished to not only obtain certain depositions but also to
23 propound additional discovery.  He propounded that discovery the
24 next day after he was authorized to do so, and contacted defense
25 counsel as to the purported inadequacy of the responses he
26 received within a week after the responses in question were
27 mailed.
28 ///

1 | The Court believes that Plaintiffs' counsel was diligent
2 | under the circumstances.  While the initial discovery extension
3 | may in hindsight have not been lengthy enough to accommodate any
4 | disagreement, the Court nonetheless finds that good cause has
5 | been demonstrated to extend the Pretrial Scheduling Order in
6 | order to permit the hearing and adjudication of Plaintiffs'
7 | Motion to Compel.  Given the showing that Plaintiffs have made,
8 | as well as the opposition already submitted on behalf of the
9 | defense, the Court finds a noticed motion to be unnecessary and
10 | will rule on Plaintiffs' request without further delay on an ex
11 | parte basis.

12 | Good cause having been demonstrated, the Court extends the
13 | deadline for completion of non-expert discovery in this matter
14 | for the sole purpose of allowing the Magistrate Judge to hear and
15 | rule upon the previously submitted Motion to Compel (Docket
16 | No. 18).  Plaintiffs' counsel is directed to refile that Motion
17 | to Compel forthwith.  Discovery is not being extended for any
18 | other purpose, and all other dates shall remain in effect at the
19 | present time.  Because trial in this matter is not scheduled to
20 | commence until March 14, 2011, the very limited extension
21 | occasioned by this Order should not make the remaining pretrial
22 | deadlines unfeasible.

23 | IT IS SO ORDERED.

Dated: July 29, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE