IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACK WILLIAMS, et al.,

Plaintiffs, No. CIV S-09-1023 MCE DAD

v.

ALLSTATE INSURANCE COMPANY,

Defendant. ORDER

_______________________________/

Plaintiffs have moved to compel defendant to produce three designated experts for deposition. The motion to compel is noticed for hearing before the undersigned on December 10, 2010.

The Pretrial Scheduling Order issued by the assigned district judge in this case on August 10, 2009, provides as follows with regard to expert discovery:

> All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **July 14, 2010**. The designation shall be accompanied by a written report prepared and signed by the witness. . . .
>
> . . . .
>
> Each party shall identify whether a disclosed expert is percipient, retained, or both. . . . Parties designating percipient experts must state in the designation who is responsible for

> arranging the deposition of such persons.
>
> . . . .
>
> Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

(Doc. No. 11 at 2 & 4 (emphasis in original, footnote omitted).) The scheduling order further provides that all dispositive motions "shall be heard no later than **September 14, 2010**." (Id. at 4 (emphasis in original).) Pursuant to the scheduling order, Final Pretrial Conference is set for January 13, 2011, with the parties' Joint Final Pretrial Statement due not later than December 23, 2010. (Id. at 6.) Trial is set for March 14, 2011. (Id. at 10.)

The court's docket for this case reflects that the parties filed timely designations of expert witnesses[1] (Doc. Nos. 20 & 21) and defendant filed a timely motion for summary judgment to be heard on September 2, 2010 (Doc. No. 30). On August 17, 2010, the assigned district judge granted plaintiffs' request to continue the hearing of defendant's motion to October 14, 2010. (Doc. No. 35.) The district judge subsequently continued the hearing of defendant's summary judgment motion to November 18, 2010, due to a briefing delay caused by plaintiffs' filing of opposition that exceeded the page-number limit set by the scheduling order. (Doc. No. 52.)

Plaintiffs' motion to compel depositions has not been filed in compliance with the district judge's instruction to "complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions." All dispositive motions in this case were to be heard no later than September 14, 2010, and all such motions were to be filed in a manner that allowed for proper notice. (Doc. No. 11 at 4.) Pursuant to Local Rule 230(b)'s requirement of not less than twenty-eight days' notice, the deadline for filing

---

[1] Defendant designated, among others, the three expert witnesses that are the subject of plaintiffs' motion to compel. Defendant's designation notes that these three experts had been deposed by counsel for plaintiffs prior to the filing of the designation. (Doc. No. 20 at 1-3.)

a motion for hearing on September 14, 2010 was August 17, 2010. In order to have completed expert discovery prior to August 17, 2010, the depositions plaintiffs seek to compel should have been noticed soon after the experts were designated, so that any necessary motion to compel could have been timely filed and heard.

IT IS ORDERED that plaintiffs' November 5, 2010 motion to compel defendant to produce designated experts for deposition (Doc. No. 59) is denied and the motion is dropped from the court's December 10, 2010 calendar.

DATED: November 10, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/williams1023.untimelymtc2.den